IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 13, 2001

## STATE OF TENNESSEE v. ADRIAN CRANE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-14279     Bernie Weinman, Criminal Court Judge**

_____

**No. W2000-01892-CCA-R3-CD  - Filed August 9, 2001**

_____

A Shelby County jury convicted the defendant of rape of a child, a Class A felony.  The sole issue in this appeal is the sufficiency of the evidence of unlawful sexual penetration of the victim.  We affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

CORNELIA A. CLARK, SP. J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

A. C. Wharton, District Public Defender, W. Mark Ward, Assistant District Public Defender, Teresa Jones, Assistant District Public Defender, Karen Massey, Assistant District Public Defender, for the appellant, Adrian Crane.

Paul G. Summers, Attorney General, Angele M. Gregory, Assistant Attorney General, William L. Gibbons, District Attorney General, Alanda Horne Dwyer, Assistant District Attorney General, Betsy Carnesdale, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 7, 1999, Barbara Key, mother of the victim, came home from work feeling ill.  She telephoned the defendant, a friend of hers, and asked him to drive her to the hospital emergency room.  The defendant left Ms. Key at the medical center at about 5:30 p.m., and agreed to keep her five-year-old son and two-year-old daughter, J.K[1]., at his house until Ms. Key was treated and released.

---

[1]It is the policy of this court not to identify by name the minor victims of sexual abuse.  Instead, we will identify the minor victim in this case only by her initials.

Ms. Key was not released from the medical center until about 1:30 a.m. the next morning. She called the defendant's home. Her young son answered the phone. Ms. Key hung up and telephoned again. Again her son answered, and talked for about fifteen or twenty minutes. He stated that the defendant was in the bathroom with his sister. The defendant ultimately came to the phone. He then brought the children to the medical center and drove Ms. Key and the two children to her home. They arrived there about 3:00 a.m.

As Ms. Key began to prepare her daughter for bed, she observed that the child's underpants were on backwards. Her daughter said the defendant had put them on that way. The next morning, when Ms. Key examined the panties again, she noticed a blood stain. She immediately called the medical clinic where her daughter was usually treated and learned that her pediatrician was out of town until the following week. Ms. Key told the receptionist why she was calling. Later the charge nurse returned her call and advised her to take the child to another clinic. Upon presentation at that clinic, Ms. Key was advised to take her daughter to LeBonheur Children's Medical Center. The two-year-old was examined there and tested for various diseases. The tests ultimately revealed that the child had contracted chlamydia, which is a sexually transmitted disease.

Ms. Key then sought the assistance of authorities. Defendant was ultimately indicted for rape of a child.

Ms. Key herself confronted the defendant and asked him what had happened. At first he would not respond, but eventually he did. She testified that

> . . . I remember him saying that he did mess with her and I asked him was she crying. He said yes. He went on to tell me that he was having sex with my baby and he just let her laid [sic] there and cried.

Dr. Amy Hertz, a pediatric emergency medicine physician at LeBonheur, testified that she examined the victim on July 10, 1999. She observed that the victim's hymen was not torn, but was bruised and irritated. The victim had redness and abrasions around her labia minora. Dr. Hertz testified that any kind of direct trauma would cause bruising to the hymen. Such bruising could not be caused from outside trauma. The trauma must have been directed straight up at the hymen. Dr. Hertz further opined that the victim's injuries were not straddle injuries such as might occur from a fall on a bicycle. She concluded that the injuries sustained by the victim were recent and were consistent with a sexual assault. Dr. Hertz also tested for sexually transmitted diseases, and found that the two-year-old victim had contracted chlamydia.

Patricia M. Speck, a nurse practitioner with the Memphis Sexual Assault Resource Center, testified that it is not uncommon for children who have been sexually assaulted not to have evidence of full penetration. Ms. Speck further testified that the diagnosis of chlamydia in a child is "a specific finding for contact, mucus membrane to mucus membrane". Such contact would require separation of the labia and contact with the wet part of the vulva.

Sergeant Larry Matthews of the Memphis Police Department Child Abuse Squad testified that he took a statement from the defendant on July 28, 1999. In that statement the defendant confessed to "molesting" the victim. He admitted "playing" with her vagina with his penis, but denied placing his penis inside the victim's vagina. The defendant acknowledged that he had molested the victim on at least three separate occasions while babysitting the child at his house and at the victim's own home.

The defendant did not testify at trial. The jury convicted him of rape of a child, a Class A felony.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. *See State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994).

Tenn. Code Ann. §39-13-522 defines rape of a child as the unlawful sexual penetration of a person under thirteen years of age by the defendant. Tenn. Code Ann. §39-13-501(7) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or **any other intrusion, however slight, of any part of a person's body** or of any object **into the genital** or anal **openings of the victim's**, the defendant's, or any other person's **body**, but emission of semen is not required"*(emphasis added)*.

The sole issue in this appeal is defendant's contention that the evidence is not sufficient to establish his sexual penetration of the victim. In the light most favorable to the state, the defendant himself acknowledged to Ms. Key that he had "molested" and had sex with her child. He acknowledged to a police officer that he had rubbed his penis on the victim's vagina. Medical testimony confirmed that there had been blunt injury trauma to the vagina. Bruising was consistent with at least slight penetration, even though the hymen was not broken. Further, the two-year-old female tested positive for chlamydia, which is a sexually transmitted disease requiring mucus membrane contact established only by separation of the labia and contact with the wet part of the vulva.

This court has noted that, in order to establish penetration, "it is not necessary that the vagina be injured or that the hymen be ruptured; the entering of the vulva or labia is sufficient". *McDonald v. State*, 512 S.W.2d 636, 639 (Tenn. Crim. App. 1974) (citations omitted). The evidence is more than sufficient for a jury to find that the defendant sexually penetrated the victim. This issue is without merit.

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

_____
CORNELIA A. CLARK, SPECIAL JUDGE